IN RE CLYTIE LYNN DANIEL, Chapter 13, Debtor.
CLYTIE LYNN DANIEL, Appellant.
BAP No. CO-08-068, Bankr. No. 08-13306 MER.
United States Bankruptcy Appellate Panel Tenth Circuit.
February 17, 2009
Before MICHAEL, NUGENT, and KARLIN, Bankruptcy Judges.[1]

OPINION[*]
MICHAEL, Bankruptcy Judge
Although the issues raised by appellant cover a vast waterfront, the only question germane to resolution of this appeal is simple and straightforward: whether the bankruptcy court erred when it dismissed appellant's case due to her failure to file payment advices within the time constraints set forth in the United States Bankruptcy Code. We answer this question in the negative, and affirm the order dismissing this case.

I. FACTUAL BACKGROUND
Clytie Lynn Daniel ("Daniel" or "Appellant") filed an original petition for relief under Chapter 13 of the Bankruptcy Code on March 18, 2008. The case was Daniel's fourth bankruptcy filing in less than two years. Based upon the bankruptcy court's docket sheet, the case appears to have been a "bare bones" filing: the petition was not accompanied by such necessary documents as the schedules, statement of financial affairs, statement of current monthly income and expenses, and copies of Daniel's payment advices for the 60-day period prior to filing of the bankruptcy case. Daniel failed to timely file any of these documents, and the case was dismissed by order of the bankruptcy court entered on April 3, 2008.
On April 14, 2008, Daniel filed a motion to reinstate her bankruptcy case, and sought an extension of time to file all required documents. The bankruptcy court granted that motion, reinstated the bankruptcy case, and extended the time for filing required documents to May 2, 2008. In addition, the bankruptcy court granted Daniel until May 15, 2008, to provide copies of her tax returns to the Chapter 13 trustee.
On May 22, 2008, the bankruptcy court entered the following order:
THIS MATTER comes before the Court sua sponte. On April 23, 2008, the Court issued an Order Reinstating Case and Extending Deadlines (the "Order"), which directed the Debtor to provide copies of her tax returns to the Standing Chapter 13 Trustee on or before May 15, 2008. The Standing Chapter 13 Trustee has filed a Certificate of Non-Compliance indicating the Trustee has not received copies of the Debtor's tax returns. In addition, the Court's review of its record indicates no copies of tax returns were filed with the Court. The document entitled Certificate of Foreign Status of Nonresident Alien for United States Tax Withholding, filed by the Debtor, is unintelligible, and does not comply with the Court's Order.
In addition, the Order directed the Debtor to file all documents required by the Court's March 18, 2008 Notice of Deficiency. The Debtor has failed to comply with the requirement to file evidence of wages, commissions, or other income, or a verified statement that such documents do not exist.
Moreover, the Court's record reflects a history of repetitive, vexatious, and frivolous pleadings filed by the Debtor. Accordingly,
IT IS ORDERED that the above-captioned case is dismissed pursuant to 11 U.S.C. §§ 521(b)(2)(B) and 521(i)(1).
IT IS FURTHER ORDERED that the Debtor may not file another petition for 180 days from the date of this Order, pursuant to 11 U.S.C. § 109(g).[2]
On June 16, 2008, Daniel asked the bankruptcy court to reconsider its order of dismissal. On July 15, 2008, the bankruptcy court entered its order denying reconsideration. Said order reads as follows:
THIS MATTER comes before the Court on the Debtor's Motion to Reconsider Order Dated May 22, 2008, and Motion for Emergency Signature (the "Motions"). The Court has reviewed the Motions and the file and finds the relief requested must be denied.
On or about March 18, 2008, a Notice of Deficiency was transmitted to the Debtor advising her that certain documents required under the Bankruptcy Code had not been filed with the voluntary petition in this case. The Notice of Deficiency indicated that failure to file those documents would result in the dismissal of the case. The required documents were not filed on a timely basis, and the case was dismissed on April 3, 2008.
On April 23, 2008, the Court granted the Debtor's request to reinstate the bankruptcy case and indicated, pursuant to 11 U.S.C. § 521(i)(1), the Debtor was to file all deficient documents with the Court on or before May 2, 2008, and then, assuming the deficient documents were filed, the Debtor was to provide tax returns to the Standing Chapter 13 Trustee on or before May 15, 2008. The required documents included copies of all income records received by the Debtor within 60 days before the bankruptcy case was filed, or a verified statement that no such documents exist. Neither income records nor a verified statement were filed.
Ms. Daniel's Motion to Reconsider Order alleges certain tax returns were provided to the Chapter 13 Trustee in response to the Court's direction. The Chapter 13 Trustee reports the provided tax returns were filed two weeks following the date set by the Court and two weeks following the date of the Chapter 13 Trustee's Certificate of Non-Compliance.
However, the Court need not make a determination on the timeliness of tax return issue. Pursuant to 11 U.S.C. § 521(i)(1), the Debtor's failure to file income records caused her case to be automatically dismissed on the 46th day after her petition, or May 3, 2008. Such a dismissal is not discretionary with the Court and not subject to reconsideration, and makes the Court's May 22, 2008 dismissal order redundant. Accordingly, the Court has no jurisdiction to reconsider its May 22, 2008 order, and no jurisdiction to address the Debtor's Motion for Emergency Signature.[3]
This appeal followed.

II. JURISDICTION
This Court has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless a party elects to have the district court hear the appeal.[4] Appellant did not elect to have this appeal heard by the United States District Court for the District of Colorado, thus consenting to appellate review by this Court.
A decision is considered final "if it `ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"[5] In this case, the orders of May 22, 2008, and July 15, 2008, operated to dismiss Daniel's bankruptcy case. They are final for purposes of review.

III. STANDARD OF REVIEW
We review the bankruptcy court's legal conclusions de novo. De novo review requires an independent determination of the issues, giving no special weight to the bankruptcy court's decision.[6] We review the bankruptcy court's factual findings under the clearly erroneous standard. A factual finding is "clearly erroneous" when "`it is without factual support in the record, or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made.'"[7]

IV. DISCUSSION
The duty of a debtor to file proof of income earned in the 60-day period prior to filing a bankruptcy case is found in 11 U.S.C. § 521.[8] Section 521 provides in pertinent part that
(a) The debtor shall
(1) file
. . .
(B) unless the court orders otherwise
. . .
(iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor[.][9]
If the information required under this section is not filed within 15 days of the date of the filing of the bankruptcy petition, the case is subject to dismissal, unless an extension of time is granted by the court.[10] In addition to this provision, § 521(i)(1) provides for "automatic dismissal" in certain circumstances:
Subject to paragraphs (2) and (4) and notwithstanding section 707(a), if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.[11]
Section 521(i)(1) is part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, and became effective on October 17, 2005.
In the present case, there is nothing in the record before us that would contradict the bankruptcy court's finding that Daniel failed to file the "payment advice" information required under § 521(a)(1)(B)(iv). The statute is clear that, if such information is not timely filed, the case is subject to dismissal, whether "automatic" or by court order.[12] The bankruptcy court's conclusion that this case was subject to dismissal under § 521(a)(1)(B)(iv) is correct. We reach none of the other various and sundry issues raised by the Appellant.

V. CONCLUSION
The decision of the bankruptcy court is affirmed.
NOTES
[1] The appellant did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. Fed. R. Bankr. P. 8012. The case is therefore ordered submitted without oral argument.
[*] This unpublished opinion is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. 10th Cir. BAP L.R. 8018-6(a).
[2] May 22, 2008, Order, in Appellant's App. at 42 (footnote omitted).
[3] July 15, 2008, Order, in Appellant's App. at 40.
[4] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8002.
[5] Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712 (1996) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)).
[6] Salve Regina Coll. v. Russell, 499 U.S. 225, 238 (1991).
[7] Las Vegas Ice & Cold Storage Co. v. Far W. Bank, 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting LeMaire ex rel. LeMaire v. United States, 826 F.2d 949, 953 (10th Cir. 1987)).
[8] Unless otherwise indicated, all future statutory references are to the Bankruptcy Code, Title 11 of the United States Code.
[9] § 521(a)(1)(B)(iv).
[10] § 1307(c)(9). This section provides as follows:

Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including
. . .
(9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521[.]
A similar provision dealing with Chapter 7 cases is found in § 707(a)(3). See also Interim Federal Rule of Bankruptcy Procedure 1007(b)(1)(E), made applicable to this matter by General Procedure Orders 2005-6 and 2006-4 of the United States Bankruptcy Court for the District of Colorado.
[11] § 521(i)(1).
[12] The Court makes no determination whether dismissal of a bankruptcy case under this section occurs "automatically." The Court need not reach the issue to decide the dispute presently before it, as the bankruptcy court entered an order dismissing the case, and the timing of the dismissal is not an issue.